United States District Court
District of South Carolina

| | | |
|---|---|---|
| Michael David Nimmons, #200507134; | ) | C/A No. 0:06-0039-CMC-BM |
| Plaintiff; | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Joey Preston, County Administrator; Robert Daly, ACDC Administrator; Arlette Jones, Medical Department Captain; Eric Boggs, Operational Captain; and Cindy Haist, R.N. Head Nurse A.C.D.C.; | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at the Anderson County Detention Center (ACDC), alleges violations of his constitutional rights.

The Defendants filed a motion to dismiss on several grounds on February 6, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 7, 2006, advising Plaintiff of the importance of a dispositive motion and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Discussion**

Defendants first argue in their motion, inter alia, that this case is subject to dismissal because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the Defendant]. Pursuant to § 1997e(a), "[n]o action shall be brought with respect to prison conditions[2] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to

---

[2] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See also Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

2



plaintiff]. Accordingly, before Plaintiff may proceed with his claim in this Court, he must first exhaust such administrative remedies as were available.

As shown by Plaintiff's verified Complaint, during the time period at issue in this lawsuit Plaintiff was a prisoner at the Anderson County Detention Center. Plaintiff acknowledges in his Complaint that there is a grievance procedure at the ACDC, and asserts that he did file a grievance concerning the claims raised in this case on December 21, 2005. However, while Plaintiff states in one part of his Complaint that he received a final answer or determination to his grievance, apparently on December 22, 2005 (only one day after Plaintiff alleges he filed his grievance), he also states in another section of the Complaint that he received "no response" to his grievance. See Verified Complaint, p. 2, § II.

Defendants argue that a plain reading of Plaintiff's Complaint shows that he failed to exhaust the grievance procedure at the ACDC,[3] further arguing that even if one were to assume that Plaintiff did obtain a response to his December 21, 2005 grievance on December 22, 2005, it is readily apparent that he did not thereafter appeal any such denial "in conformity with ACDC's grievance procedure for inmates" prior to filing this lawsuit.[4] Defendants further point out that part of the factual allegations of Plaintiff's Complaint deal with events which occurred subsequent to

---

[3]Plaintiff's Complaint is dated December 31, 2005.

[4]Defendants contend in their motion that "Plaintiff was required to appeal the action taken by ACDC in conformity with ACDC's grievance procedure for inmates." However, no copy of the ACDC's grievance procedure has been provided to the Court. **Defense counsel is instructed to provide a copy of the ACDC's grievance policy or procedure to the Court, together with an authenticating affidavit from an appropriate jail official, within the ten (10) day period for responding to this Report and Recommendation, in order that that policy or procedure will be available for the District Judge in her review of this Report and Recommendation. Failure of the Defendants to provide this documentation to the Court may result in the denial of Defendants' motion to dismiss.**

3



December 21, 2005, which by Plaintiff's own admission (based on the statements contained in § II of his Complaint) could not have been part of any grievance he filed on December 21, 2005.

Based on the arguments presented by the Defendants in their motion, a review of the relevant portions of Plaintiff's verified Complaint, and the fact that Plaintiff has failed to respond to the Defendants' arguments or to set forth any argument himself as to why he should either be deemed to have exhausted the jail grievance process, or should not be required to exhaust that process before bringing this lawsuit, the undersigned finds and concludes that this action is subject to dismissal for lack of exhaustion of administrative remedies. 42 U.S.C. § 1997e; <u>Booth v. Churner</u>, 532 U.S. at 741.

### Conclusion

Based on the foregoing, **and subject to the instructions set forth in footnote 4**, <u>supra</u>, it is recommended that the Defendants' motion to dismiss be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 21, 2006



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. **28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).** The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. **Fed. R. Civ. P. 6.** Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

